UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

          Plaintiff,

- against –

YIZHAO HOU, also known as "Harvey Hou",
YDH EXPRESS INC., and YDH INT'L INC.,

          Defendants.

Civil Action No.
25-cv-02719
(Merle, J.)
(Scanlon, M.J.)

---

**TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE**

WHEREAS this matter having come before the Court upon the application of plaintiff, the UNITED STATES OF AMERICA, for a temporary restraining order pursuant to 18 U.S.C. § 1345; the Complaint; the Declaration of Postal Inspector Eduardo Gelpi; the Certification of the Attorney for the United States; and the *ex parte* hearing on the United States' application for a temporary restraining order held on May 15, 2025:

WHEREUPON THE COURT, having considered the matter, finds that:

1.    There is probable cause to believe that Yizhao Hou, also known as Harvey Hou; YDH Express Inc.; and YDH Int'l Inc. (collectively, "defendants") have engaged in the ongoing commission of mail fraud in violation of 18 U.S.C. § 1341.

2.    There is also probable cause to believe that defendants have engaged in the ongoing conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. Between June 2022 and April 2024, the United States Postal Inspection Service conducted eight inspections of defendants' warehouses in Jamaica, New York and Los Angeles, California, and every inspection uncovered parcels bearing counterfeit postage. During this time, on July 5, 2022 and August 10, 2022, defendant Hou signed two voluntary discontinuances whereby he agreed to discontinue the use of counterfeit or otherwise invalid postage. An employee of defendant YDH Express also signed a

voluntary discontinuance on July 26, 2022, whereby the employee agreed to discontinue the use of counterfeit or otherwise invalid postage.

3. In 2025, the United States Postal Inspection Service conducted no less than five random, unannounced inspections at defendant YDH Express' warehouse in Jamaica, New York, and each inspection failed to find any parcels at the facility. Nevertheless, based on data provided by United States Customs and Border Protection, the United States has determined that defendants continue to receive a high volume of incoming shipments of parcels, including shipments directed to the address for YDH Express' warehouse in Jamaica, New York. That data also reflects that defendants received at least 121 shipments of parcels in March 2025 alone. Taken together, there is thus probable cause to believe that defendants are still engaged in the ongoing commission of mail fraud, and are still engaged in the ongoing conspiracy to commit mail fraud.

4. The statutory conditions for granting a temporary restraining order under 18 U.S.C. § 1345 are therefore met.

5. Some courts in this district have found that irreparable harm to the public is presumed in actions under 18 U.S.C. § 1345 where the statutory conditions are met. *See United States v. William Savran & Assocs.*, 755 F. Supp. 1165, 1179 (E.D.N.Y 1991); *see also United States v. Palumbo*, 448 F. Supp. 3d 257 (E.D.N.Y. 2020); *United States v. Kahen*, No. 20-cv-00474 (BMC), 2020 WL 1697974 (E.D.N.Y. Jan. 28, 2020). Nevertheless, the Court assesses whether the plaintiff's submissions demonstrate irreparable harm and finds that plaintiff has made this showing. There is compelling evidence that permitting defendants to continue to participate in the alleged fraud scheme would constitute irreparable harm because the United States Postal Service would continue to be defrauded by defendants' use of counterfeit or invalid postage labels, or both. Additionally, the United States Postal Service is unable to identify which parcels defendants have deposited for mailing at processing and distribution centers. Thus, if defendants fail to maintain records identifying the parcels that they mailed, the United States Postal Service will not be able

to definitively identify which parcels mailed by defendants caused it to incur losses from delivering parcels without valid postage. In the absence of injunctive relief, the United States Postal Service will not be able to recoup its losses because it will not be able to identify specific parcels with counterfeit postage after they are mailed. Immediate and irreparable injury, loss, or damage could result before defendants can be heard in opposition.

6. For the same reasons as set forth in paragraphs 2 and 3, plaintiff has shown a likelihood of success on the merits of the claims contained in its complaint.

7. Giving defendants notice prior to the issuance of this order will allow defendants to continue to cause harm to the United States Postal Service. Notice to defendants prior to the issuance of this Order would allow defendants to destroy relevant business records, to continue defrauding the Postal Service through repeated use of the United States mail to ship parcels containing counterfeit postage, and will frustrate the plaintiff's efforts to stop defendants' continuing fraud. Defendants' violations will continue unless a temporary restraining order is issued.

THEREFORE, IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. § 1345, pending a hearing and determination on the United States' application for a preliminary injunction, that defendants, their agents, officers, and employees are temporarily restrained from:

  i. committing mail fraud, as defined by 18 U.S.C. § 1341;

  ii. conspiring to commit mail fraud, as defined by 18 U.S.C. § 1349; and

  iii. using the services of the United States Postal Service to mail parcels on behalf of defendants YDH Express Inc. and YDH Int'l Inc.

IT IS HEREBY FURTHER ORDERED that defendants are required to preserve all documents relating to any shipments of parcels that they mailed through the United States Postal Service.

IT IS HEREBY FURTHER ORDERED that defendants shall appear, in person or via remote means, before this Court and the Honorable Natasha C. Merle, United States District Judge, on May 29, 2025 at 11:00 AM, to show cause why a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65 and as requested by the United States, should not be granted.

IT IS HEREBY FURTHER ORDERED that a copy of this Temporary Restraining Order and Order to Show Cause, together with the Complaint, the Declaration of Postal Inspector Eduardo Gelpi, and the Certification of the Attorney for the United States, shall be served on defendants, on or before May 19, 2025 at 12:00 PM.

IT IS HEREBY FURTHER ORDERED that defendants shall serve and file any response to the United States' application for a preliminary injunction on or before May 23, 2025, and that the United States shall serve and file any response on or before May 27, 2025 at 12:00 PM.

**IT IS SO ORDERED**

                                                */s/ Natasha C. Merle*
                                                NATASHA C. MERLE
                                                United States District Judge

Dated:        May 16, 2025
               Brooklyn, New York