DEMIDCHIK LAW FIRM, PLLC
Robert S. Hazzard, Esq. (RH 6384)
136-18 39th Avenue, 8th Floor
Flushing, New York 11354
Tel: (718) 255-9898
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,                                  Civil Action No.: 25-cv-2719

                      Plaintiff,               **AFFIRMATION OF**
                                                 **ROBERT S. HAZZARD ESQ.**
                                                 **IN SUPPORT OF MOTION**
              -against-                            **TO BE RELIEVED AS**
                                                 **COUNSEL**

YIZHAO HOU, also known as "Harvey Hou",     Merle, J.
YDH EXPRESS INC., and YDH INT'L INC.,        Scanlon, M.J.

                      Defendants.
-------------------------------------------------------------------X

    **ROBERT S. HAZZARD**, of the Demidchik Law Firm, PLLC, an attorney duly licensed to practice in the courts of the State of New York and the United States District Court for the Eastern District of New York, with offices at 136-18 39th Avenue, 8th Floor, Flushing, New York, does affirm the following under the penalties of perjury:

1. Your Affirmant is a Senior Attorney in the DEMIDCHIK LAW FIRM, PLLC, the present attorneys for the Defendants YIZHAO HOU, also known as "Harvey Hou", YDH EXPRESS INC., and YDH INT'L INC., and have been handling this matter since the firm was retained, and, as such, I am fully familiar with the facts and circumstances herein.

2. Your Affirmant submits this Affirmation in Support of this Attorney's present Motion to Withdraw/Be Relieved as counsel pursuant to the Federal Rules of Civil Procedure

1

(hereinafter "FRCP") and Local Rule 1.4 of the Southern and Eastern Districts of New York.

3. The instant case is a civil action by the United States against the Defendants for four claims of relief.

4. The first claim alleges that the Defendants committed mail fraud, as defined by 18 U.S.C. §1341, and as such is entitled to a temporary restraining order, a preliminary injunction and a permanent injunction restraining all future fraudulent conduct pursuant to 18 U.S.C. §1345 to prevent future and continuing injury to the United States.

5. The second claim for relief alleges that the Defendants have conspired and are conspiring to commit mail fraud, as defined by 18 U.S.C. §1349, and as such is entitled to a temporary restraining order, a preliminary injunction and a permanent injunction restraining all future fraudulent conduct pursuant to 18 U.S.C. §1345 to prevent future and continuing injury to the United States.

6. The third claim for relief alleges the Defendants have violated the False Claims Act, 31 U.S.C. §3729(a)(1)(G) based on the claim that Defendants have used false United States Postal Service mailing labels to ship or cause to be shipped parcels and to avoid payment to the United States for such shipments, thereby entitling the United States to treble damages and civil penalties.

7. Finally, the fourth claim alleges the Defendants have violated the False Claims Act, 31 U.S.C. §3729(a)(1)(C) based on the claim that Defendants have conspired and are conspiring to use false United States Postal Service mailing labels to ship or cause to be shipped parcels and to avoid payment to the United States for such shipments, thereby entitling the United States to treble damages and civil penalties.

8. On May 16, 2025, a temporary restraining order was ordered by this Court against the Defendants based upon the Order to Show Cause filed by the United States and a hearing was scheduled for May 29, 2025.

9. On May 29, 2025, the temporary restraining order was extended based on the consent of the parties until June 13, 2025.

10. Thereafter, your Affirmant and Counsel for the United States engaged in extensive discussions whereby the parties were able to Stipulate to a Preliminary Injunction which was "So Ordered" on June 6, 2025 and remains in effect to date and for the duration of this case.

11. Lastly, the current status of the case is that there is an Initial Conference scheduled for September 18, 2025 at 11AM.

12. Through July 28, 2025, your Affirmant has vigilantly tried to ensure that the Defendants remain compliant with all obligations required under the Preliminary Injunction, including paragraph "7" where the Defendants are required to provide the United States documentation of daily shipments received.

13. Moreover, your Affirmant has been in constant contact with Counsel for the United States and the Defendants in an effort to favorably resolve the matter for the Defendants.

14. Without disclosing any matters discussed with the clients, it should be noted to the Court that I have had several conversations with the clients over the past couple of weeks, and we have, at times, had some disagreements as to various issue pertaining to his case which Your Affirmant may discuss privately with the Court.

15. However, on July 29, 2025, I had a phone conversation with the clients whereby the attorney client relationship was irretrievably broken when the clients advised that they will

no longer listen to my legal advice, cooperate with me or respond to my requests for information. Therefore, there are clearly irreconcilable differences whereby it is now impossible for Your Affirmant to effectively represent them in this matter.

16. Moreover, during the same conversation, Your Affirmant advised the clients that I would be making the instant motion and that they would be required to retain new counsel for the matter.

17. Your Affirmant and my law firm are not asserting any retaining or charging lien in this matter.

18. On July 30, 2025, I spoke with and advised Counsel for the United States that I would be making this motion to withdraw/be relieved as counsel.

19. For the aforementioned reasons, Your Affirmant respectfully requests that this Court grant the instant motion pursuant to the FRCP and Local Rule 1.4 of the Southern and Eastern Districts and allow me and my firm to withdraw/be relieved as counsel for the defendants.

Dated: Flushing, New York
July 31, 2025

DEMIDCHIK LAW FIRM, PLLC
*Attorneys for Defendants*

By: /s/ Robert S. Hazzard
Robert S. Hazzard, Esq. (RH 6384)
136-18 39th Avenue, 8th Floor
Flushing, New York 11354
T: (718) 255-9898
F: (212) 810-7257
E: robert@dcklawfirm.com

4

To:   Yizhou Hou a/k/a Harvey Hou
9522 Olive Street
Temple City, California 91780
(via Priority Mail Service and email to harvey@jwdus.net )

YDH Express Inc.
167-25 Rockaway Boulevard
Jamaica, New York 11434
(via Priority Mail Service and email to harvey@jwdus.net )

YDH Int'l Inc.
11120 Hindry Avenue, Unit B
Los Angeles, California 90045
(via Priority Mail Service and email to harvey@jwdus.net )

David A. Cooper, Esq.
Logan J. Gowdicott, Esq.
Assistant United States Attorneys
271 Cadman Plaza East
Brooklyn, New York 11201
(via ECF)